UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Civ. No. 14-7611 (KM) (JBC) |
| Plaintiff, | |
| v. | **OPINION** |
| **CHRIS FODGE,** | |
| Defendant. | |

**MCNULTY, U.S.D.J.:**

    This matter comes before the Court on the unopposed motion of Plaintiff Malibu Media, LLC ("Malibu Media") for default judgment against Defendant Chris Fodge. For the reasons expressed below, I deny the motion for default judgment.

**BACKGROUND**

    The plaintiff, Malibu Media, is a California limited liability company that operates a website containing movies for which Malibu Media owns the copyrights. (Amended Complaint, Dkt. No. 8 ("Compl.") ¶¶ 3, 8) The defendant, Chris Fodge, is an individual. (*Id.* ¶ 9)

    The BitTorrent file distribution network ("BitTorrent") is a peer-to-peer file sharing system used for distributing large amount of data. (*Id.* ¶ 10) To distribute a large file, BitTorrent breaks a file into many small pieces, referred to as "bits." (*Id.* ¶ 12) These bits are exchanged among users in the network, and then once the recipient receives all of the bits of a file, the BitTorrent software will reassemble the bits so that the file can be opened and used. (*Id.* ¶ 13) Each bit is assigned a unique "cryptographic hash value" that identifies the bit and ensures that it is properly routed. (*Id.* ¶ 14) The entire digital file is also

given a hash value which acts as an identifier and is used by the BitTorrent software to determine when the file is complete and accurate. (*Id.* ¶¶ 15, 16)

Malibu Media engaged an investigator, IPP International UG, which established a connection with the internet protocol ("IP") address 74.105.43.211, and downloaded one or more bits of digital media files. (*Id.* ¶ 17, 18; Ex. A) After downloading full copies of the medial files from BitTorrent, the investigator used the hash values to identify the files as 23 separate copyrighted works owned by Malibu Media. (*Id.* ¶¶ 19-21) The investigator connected with the IP address a number of times between April 23, 2014, and September 25, 2014. (*Id.* ¶ 22; Ex. A)

Malibu Media filed its complaint on December 5, 2014, originally using a fictitious name for the defendant. (Dkt. No. 1) Malibu Media alleges that the BitTorrent user assigned IP address 74.105.43.211 intentionally violated Malibu Media's right to reproduce, redistribute, perform, or display copyrighted works, in violation of 17 U.S.C. §§ 106 and 501. Malibu Media seeks to permanently enjoin the user of the IP address from continuing to infringe plaintiff's works, order that the user delete all digital media files relating to Malibu Media's works, award Malibu Media statutory damages for each infringed work, and award Malibu Media reasonably attorney's fees and costs.

Malibu Media filed a motion for leave to serve a third-party subpoena on the Defendant's Internet Service Provider to learn the Defendant's true name. (Dkt. No. 4) Magistrate Judge Steven C. Mannion granted that motion on March 19, 2015. (Dkt. No. 6) Malibu Media learned that the Defendant's spouse was the internet subscriber assigned IP address 74.105.43.211. (Compl. ¶ 25) Malibu Media then filed an Amended Complaint on July 7, 2015, naming Chris Fodge as the defendant. (Dkt. No. 9) A summons was issued and Fodge was served on July 9, 2015. (Dkt. No. 12) On August 11, 2015, Malibu Media requested the Clerk enter default against Fodge, which was entered August 12, 2015. (Dkt. No. 14) Malibu Media filed its motion for default judgment on October 30, 2015. (Dkt. No. 16)

## LEGAL STANDARD AND DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### I. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of an individual may be made by personal service, leaving a copy

of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion, delivering a copy of the summons and complaint to an agent for service of process, or following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(e).

Here, the prerequisites for default judgment have been met. The Amended Complaint was filed on July 7, 2015. Proof of service on July 9, 2015, has been filed. Fodge had twenty-one days (until July 30, 2015) to file an answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 12(a). The clerk entered default against Fodge on August 12, 2015. Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## II. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh against entry of a default judgment.

### a. Factor 1

My independent review of the record suggests that Fodge could mount a meritorious defense. The Amended Complaint asserts a cause of action for direct copyright infringement, in violation of 17 U.S.C. §§ 106 and 501. (Compl. ¶¶ 36-41) To establish a claim for copyright infringement, a plaintiff must show (1) that he owns a valid copyright; and (2) original elements of its work were copied without authorization. *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002).

Malibu Media has identified 23 works that are the subject of this action and that it owns the copyrights for these works. (Compl. Ex. B) However, with respect to seven of the works, the date the investigator connected with the Defendant's IP address *preceded* the copyright registration date, and thus on the face of the Amended Complaint and without the benefit of discovery, Malibu Media cannot at this juncture establish a valid copyright at the time the defendant allegedly downloaded seven of the twenty-three works. With respect to the other sixteen works, Malibu Media has pled that it owns a valid copyright.

As to the second element, the Defendant's connection to the alleged infringement is based solely on an IP address. The IP address here, as the Plaintiff concedes, is actually held by the Defendant's spouse. (Compl. ¶ 25) In the Amended Complaint, Malibu Media is not certain that the infringer is Defendant, but rather pleads "discovery will likely show that Defendant is the infringer." (*Id.* ¶ 27) In fact, the infringer could be another person altogether, such as a family member or, as Malibu Media itself concedes, "sometimes, the infringer is another person who the subscriber has authorized to use the subscriber's Internet." (*Id.* ¶ 28) Or, it could be that the infringer is someone using the subscriber's Internet via a wireless router that is not password protected. While it is possible that the infringer is Defendant, Malibu Media has not proved that Fodge actually caused or is responsible for the alleged infringement. Defendant can state a meritorious defense to the claims presented here. *See Malibu Media, LLC v. Waller*, 2016 WL 184422, at *3 (D.N.J. Jan. 15, 2016) (collecting cases recognizing valid defense where infringement claim is premised solely on IP address). Accordingly, this factor weighs against entry of default judgment.

### b. Factors 2 and 3

The second and third factors weigh in favor of default. Fodge was properly served on July 9, 2015 but has failed to appear and defend himself. Malibu Media has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief

in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Weighing the factors, I find that Malibu Media has failed to sufficiently allege copyright infringement against Fodge as he has meritorious defenses. I will, therefore, deny the motion for default judgment against him.

## CONCLUSION

For the foregoing reasons, the motion for default judgment is denied. An appropriate order and judgment will issue.

_____
**KEVIN MCNULTY, U.S.D.J.**

Date: April 5, 2016